**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTHONY FAILS,**

    **Plaintiff,**

**vs.**                                           **Case No. 4:08cv537-SPM/WCS**

**JAMIE SPIVEY,**

    **Defendant.**

    _____/

**REPORT AND RECOMMENDATION**

On February 4, 2009, an order to show cause was entered directing Plaintiff to demonstrate good cause for failing "to honestly and completely disclose all prior" cases. Doc. 9.  Plaintiff was simultaneously ordered to submit a second amended complaint, which accurately disclosed all prior cases filed, when he responded to the order to show cause.  *Id.*  Plaintiff has filed an "emergency grievance" in response to the February 4th order to show cause, doc. 10, but Plaintiff fails to show good cause or file the second amended complaint as ordered.

When Plaintiff initiated this case, his *in forma pauperis* motion, doc. 2, was granted, doc. 5, and subsequently, Plaintiff was relieved of the obligation to pay the

assessed initial partial filing fee of $1.39.  Doc. 7.  Plaintiff then filed an amended complaint.  Doc. 8.  Review of that pleading revealed Plaintiff listed having only filed case 4:08cv471-MP/WCS; case 3:08cv536-LAC/EMT; and case 4:08cv573-RH/WCS.  *Id.*  Plaintiff acknowledged having one case dismissed with a "strike" for being either frivolous, malicious, for failing to state a claim, or prior to service: 4:08cv581-RH/AK.  *Id.*  Plaintiff failed to disclose having also filed the following cases:  3:08cv415-RV/EMT; 3:08cv520-MCR/MD; 4:08cv582-RH/AK; 3:08cv522-WS/EMT; among other cases.

A federal court has inherent power to control the judicial proceedings and the conduct of the parties involved.  In Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991), the Supreme Court acknowledged that "'certain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'"  Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* United States v. Hudson, 11 U.S. (7 Cranch) 32, 34, 3 L. Ed. 259, 260 (1812); *see also* Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980).  These inherent powers are necessary for "courts to manage their own affairs" and "achieve the orderly and expeditious disposition of cases."  Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962).

The Supreme Court included within its listing of inherent powers of courts the ability to set aside fraudulently obtained judgments.  Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S. Ct.

997, 88 L. Ed. 1250 (1944).  This power is necessary to protect the "integrity of the courts, for 'tampering with the administration of justice in [this] manner ... involves far more than an injury to a single litigant.  It is a wrong against the institutions set up to protect and safeguard the public.'"  Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Hazel-Atlas, 322 U.S. at 246, 64 S. Ct. at 1001.  The Court went on to state that "a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud."  Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S. Ct. 1176, 1179, 90 L. Ed. 1447 (1946).

It has proven necessary for this court to take, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  Moreover, in the wake of 28 U.S.C. § 1915(g)[1], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The task falling upon this court to investigate the prior filings of complaints is unfortunately necessary in light of the number of inmates who file multiple lawsuits and fail to inform the court of on-going or previously dismissed lawsuits.

Given the opportunity to make full disclosure, Plaintiff has refused to respond in any meaningful way.  Plaintiff was clearly advised that his failure to comply with the order would "result in a recommendation of dismissal of this action for abuse of the

---

[1]Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Case No. 4:08cv537-SPM/WCS

judicial process." Doc. 9, p. 4. Because Plaintiff has still not honestly reported his prior filings, this case should now be dismissed as an abuse of the judicial process. Should Plaintiff seek to again re-file a case in the federal courts, Plaintiff must completely and accurately disclose all prior case filings.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 8, be **DISMISSED** as an abuse of the judicial process for failing to fully and honestly disclose all prior cases he has filed.

**IN CHAMBERS** at Tallahassee, Florida, on February 25, 2009.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**