# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**ANTHONY J. FAILS,**

      **Plaintiff,**

**vs.**                          **Case No. 4:08cv537-WS/CAS**

**JAMEY SPIVEY,**

      **Defendant.**

**_____/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se*,* has submitted a Rule 60(b)(4) motion to reopen this case.  ECF No. 19.  Plaintiff contends that the judgment is void and he was deprived of fair notice and a meaningful time and manner in which to be heard on appeal.  *Id.*  Plaintiff also argues that "Magistrate Judge Charles Khan abused his discretion" and misapplied (unspecified) federal rules.  *Id.*

This case was initiated in December of 2008.  ECF Nos. 1-3.  Plaintiff was granted in forma pauperis status by Magistrate Judge William C. Sherrill, Jr., ECF No. 5, and Plaintiff was directed to file an amended complaint, ECF No. 7.  After review of Plaintiff's amended complaint, ECF

No. 8, an Order to Show Cause was entered, ECF No. 9, noting that

Plaintiff did not "honestly and completely disclose all prior flings."  Plaintiff

was given an opportunity to show good cause and, in addition, required to

submit a second amended complaint.  ECF No. 9.  Plaintiff filed a motion,

ECF No. 10, in response which revealed that he received the Order to

Show Cause, ECF No. 9.  Thus, Plaintiff was not deprived of notice or an

opportunity to respond.

Magistrate Judge Sherrill entered a Report and Recommendation on

February 25, 2009, recommending that Plaintiff's case be dismissed for his

failure to honestly disclose his prior litigation.  ECF No. 12.  Plaintiff then

filed a motion for reconsideration.  ECF No. 13.  Plaintiff's motion for

reconsideration was construed as "objections" by United States District

Judge Stephan P. Mickle.  ECF No. 15.  Nevertheless, Judge Mickle

reviewed the objections and found that they were not responsive.  *Id.*

Furthermore, he found that Plaintiff still had "not reported honestly about

his prior cases."  *Id.*  The case was dismissed with prejudice as an abuse

of the judicial process.  *Id.*  Again, Plaintiff's filing of objections shows that

he was not deprived of notice or an opportunity to be heard.

Moreover, Plaintiff's motion asserts that in his 2009 proceeding, Magistrate Judge Charles Kahn abused his discretion.  ECF No. 19 at 1. No orders were entered in this case by Magistrate Judge Kahn; instead, Judge Sherrill was the Magistrate assigned.  It would appear that Plaintiff's motion has been filed in the wrong case.

At any rate, Plaintiff 's motion was filed under Rule 60(b).  Such a motion must be filed "within a reasonable time."  Fed. R. Civ. P. 60(c)(1). Here, Plaintiff's motion has not been filed within a reasonable time.  It has been nearly ten years since his case was dismissed.  This motion has come too late and, moreover, does not show that the judgment is void, or any other reason which would justify relief.  Fed. R. Civ. P. 60(b)(4),(6).  "A judgment is void for Rule 60(b)(4) purposes 'if the rendering court was powerless to enter it.'"  Campbell v. Sec'y for Dep't of Corr., 370 F. App'x 5, 7 (11th Cir. 2010) (citing Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001)).  Plaintiff has not shown that the Court lacked power or jurisdiction to enter the dismissal in 2009.  Thus, for all the reasons stated, Plaintiff's motion should be denied.

It is respectfully **RECOMMENDED** that Plaintiff's motion to reopen

this case pursuant to Rule 60(b), ECF No. 19, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2019.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**